IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALVADOR CORREAS (TDCJ No. 1481981), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:14-cv-4311-K-BN |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation concerning Petitioner Salvador Correas's motion for leave to proceed *in forma pauperis*, *see* Dkt. No. 4, pursuant to Rule 2(a)(4)(b) of this Court's Miscellaneous Order No. 6.

**Background**

Petitioner has filed an application for federal habeas relief concerning his 2008 conviction in the 204 th Judicial District Court of Dallas County, Texas for attempted aggravated sexual assault, burglary, and attempted sexual assault. *See* Dkt. No. 3. Accompanying the application is Petitioner's motion for leave to proceed *in forma pauperis* [Dkt. No. 4], to which he attached his inmate trust account certification, *see id*. at 3. That certification establishes that, as of December 3, 2014, Petitioner's current

inmate trust account balance was $1,878.40 and the average six month account balance was $2,100.27.

## Legal Standards and Analysis

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

The filing fee for a habeas case is $5.00. *See* 28 U.S.C. § 1914(a). As stated above, as of December 3, 2014, the average six month balance in Petitioner's inmate trust account was $2,100.27. In actions brought pursuant to 28 U.S.C. §§ 2241 and 2255, this Court routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars." N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005). Because Petitioner's average six month balance is more than 42 times that amount, the undersigned concludes that Petitioner is able to pay the filing fee without causing undue financial hardship.

## Recommendation

Petitioner's application to proceed *in forma pauperis* [Dkt. No. 4] should be denied. If Petitioner fails to pay the $5.00 statutory filing fee within 21 days after any order adopting this recommendation, Petitioner's case should be dismissed without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 11, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE